# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT E. CARRADINE,

Plaintiff,

v.

Case No. 24-CV-1007-JPS

SOCIAL SECURITY
ADMINISTRATION,

**ORDER**

Defendant.

## 1.    INTRODUCTION

Plaintiff Robert E. Carradine ("Plaintiff"), who proceeds pro se and in forma pauperis in this matter, sues the Social Security Administration ("SSA") for denying his claim for disability benefits. ECF No. 1. Now before the Court is the SSA's motion to dismiss or for summary judgment for failure to exhaust administrative remedies. ECF No. 8. For the reasons stated herein, the SSA's motion will be granted, and this case will be dismissed.

## 2.    FACTUAL BACKGROUND

Plaintiff states that he filed a claim for disability benefits, which the SSA denied on July 17, 2024. ECF No. 1 at 2. Plaintiff challenges the denial under the Social Security Act's judicial review provision, 42 U.S.C. § 405(g), and additionally on a federal constitutional and statutory basis. *See id.* at 1 (citing 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978) ("*Monell*")); *id.* ("This is an action . . . alleging violations of Plaintiff's constitutional rights based on false or misleading information provided by the determination bureau (Disability Determination Services,

DDS.”); *id.* at 2–3 (claiming violations of Due Process clause of Fifth Amendment, Equal Protection clause of Fourteenth Amendment, Americans with Disabilities Act ("ADA"), and Rehabilitation Act). He also alleges that the SSA violated his "privacy and dignity" by making "intrusive" and "unfounded" comments about his "personal care needs," "ability to interact socially," "daily life circumstances," and allegedly "undisclosed employment and capabilities beyond documented disabilities." *Id.* at 3, 7 (citing Fifth Amendment). The Court provides more detail on these legal theories *infra* Section 3.2. Finally, he asserts that the SSA "imposed a debt of $23,400 on [him]." *Id.* at 3.

For relief, Plaintiff seeks reinstatement of benefits, reassessment of his claim for benefits "with full and fair consideration of all medical evidence and functional limitations," $10 million in damages "for emotional distress, financial hardship, and loss of benefits caused by the SSA's wrongful denial of benefits," and "removal of [the] debt for $23,400." *Id.* at 7. He demands a jury trial and also—despite proceeding pro se and in forma pauperis—seeks attorneys' fees and costs. *Id.* at 8.

The SSA has submitted the declaration of its agent Christianne Voegele ("Voegele"), in which Voegele states that to her knowledge the SSA "has no record of an administrative law judge (ALJ) decision or dismissal, or a request for review before the Appeals Counsel, relating to Plaintiff." ECF No. 9 at 1 (citing ECF No. 9-1 at 2–3). The SSA contends that "any 'denial decision' that Plaintiff received from the [SSA] Commissioner in July 2024 would not have been a final decision." *Id.* at 2.

The SSA filed its motion to dismiss or for summary judgment on October 7, 2024, and it appended the Local Rules pertaining to summary judgment practice. ECF No. 8. It certified that it served the moving papers

on Plaintiff by mail at the address listed for Plaintiff on the docket. *Id.* at 8; ECF No. 9 at 11. Treating the SSA's submission as a motion to dismiss, Plaintiff had twenty-one days—until October 28, 2024—to file any opposition to the SSA's motion; treating it as a motion for summary judgment, Plaintiff had thirty days—until November 6, 2024—to do so. Civ. L.R. 7(b), 56(b)(2). On October 21, 2024, Plaintiff filed what he styled as a "Clarification of Intent" regarding this case. ECF No. 10. On October 28, 2024, he filed a "Motion to Exclude Unauthorized Disclosure of Health Information and Strike Related Evidence." ECF No. 11. Plaintiff did not file any other submission in response to the SSA's motion despite being served with the motion and apprised of the later of the two deadlines by which to oppose the motion. Accordingly, the Court will construe these two filings as his opposition.

### 3.    LAW & ANALYSIS

#### 3.1    Failure to Exhaust

As a threshold matter, the Court will treat the SSA's motion as one for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Exum v. Kijakazi*, No. 23-CV-721, 2023 WL 5726384, at *1 (E.D. Wis. Sept. 5, 2023) (construing a motion for dismissal due to failure to exhaust administrative remedies as "one made pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted" and citing *Holmes v. Soc. Sec. Admin.*, No. 122CV01080JESJEH, 2022 WL 2080336, at *2 (C.D. Ill. Apr. 14, 2022), *report and recommendation adopted*, No. 22-CV-1080-JES-JEH, 2022 WL 1405715 (C.D. Ill. May 4, 2022)).

Doing so does not preclude the Court from considering Voegele's declaration. "Ordinarily, when a motion to dismiss made pursuant to Rule 12(b)(6) relies on matters outside the pleadings the [C]ourt must treat the

motion as one for summary judgment under Rule 56 . . . ." *Id.* at *2. "However, it is well-established that 'documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and central to his claim . . . [and] may be considered . . . in ruling on the motion to dismiss.'" *Id.* (quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). In a case challenging the denial of disability benefits, the declaration of an SSA agent such as Voegele "concerns proceedings that are both referred to in and central to [Plaintiff's] complaint" and therefore may be considered on a Rule 12(b)(6) motion to dismiss. *Id.* (citing *Ujoh v. Potter*, No. 09-CV-343-JPG, 2009 WL 4800207 (S.D. Ill. Dec. 10, 2009)).[1]

The SSA argues that "Plaintiff has not received a final decision of the Commissioner as required to obtain judicial review under 42 U.S.C. § 405(g)." ECF No. 9 at 3. Section 405(g) "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the Secretary be exhausted.'" *Smith v. Berryhill*, 587 U.S. 471, 478 (2019) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). The second requirement of administrative exhaustion includes multiple steps. *See* 20 C.F.R. § 404.900; *Washington v. Saul*, 788 F. App'x 388, 389 (7th Cir. 2019) (citing *Smith*, 587 U.S. at 475–76; *Sims v. Apfel*, 530 U.S. 103, 107 (2000); and 20 C.F.R. § 404.900). "Those steps include (1) an initial benefit determination by a disability examiner, 20 C.F.R. § 416.1402; (2) a reconsideration

---

[1]Plaintiff also did not submit any evidence to rebut Voegele's declaration. If he had, the Court would have been constrained to consider it under the summary judgment standard. Because he did not and because the Court may consider the declaration that the SSA submitted along with its motion, the Court may apply the Rule 12(b)(6) standard.

determination, 20 C.F.R. § 416.1407; (3) a hearing before an Administrative Law Judge, 20 C.F.R. § 416.1429; and (4) review by the Appeals Council, 20 C.F.R. § 416.1467." *Nelson v. Saul*, No. 19-CV-1387-BHL, 2021 WL 1400904, at *3 (E.D. Wis. Apr. 14, 2021). "The Appeals Council's decision, or the decision of the ALJ if the request for review [by the Appeals Council] is denied, is final and binding, unless the claimant files an action in district court, or the decision is revised." *Id.* (citing 20 C.F.R. § 416.1481).

The SSA has not waived its administrative exhaustion defense, and as the Court explains *infra* Section 3.2, any failure on Plaintiff's part to exhaust his claims through the review process described above is not excusable. Accordingly, the Court examines whether Plaintiff has complied with the multi-step administrative review process described above.

Nothing in the record indicates that he has done so. The Voegele declaration states that the SSA has no record of Plaintiff receiving an ALJ's "decision or dismissal" of his claim nor making any "request for review before the Appeals Council . . . closed, pending, or otherwise." ECF No. 9-1 at 2–3. Plaintiff does not offer any evidence to rebut this contention, such as a sworn statement or documentation that he sought reconsideration, a hearing before an ALJ, or review by the Appeals Council. Rather, the record shows that Plaintiff's claim for benefits was denied at the initial level in July 2024, and he filed this case shortly afterwards. The only conclusion that the Court can draw from these facts is that Plaintiff has failed to exhaust his administrative remedies as required to secure judicial review under § 405(g).

Plaintiff states that in his case "there is no need to exhaust all administrative remedies, as there are issues that must be addressed by the courts rather than the agency." ECF No. 10 at 1 (citing *Sims*, 530 U.S. 103);

ECF No. 1 at 5 (citing same). But *Sims* does not help Plaintiff. In that case, the Supreme Court decided that "issue exhaustion"—that is, "identify[ing] issues for review" and cabining requests for subsequent review to those issues that were previously identified and briefed in earlier rounds of review—was not required to meet the administrative exhaustion requirement in SSA cases. 530 U.S. at 112. But *Sims* did not, as Plaintiff suggests, eliminate the administrative exhaustion requirement for SSA claimants altogether. Plaintiff's argument based on *Sims* is therefore unpersuasive.

Because nothing in the record shows that Plaintiff has exhausted his administrative remedies, the SSA has therefore met its burden to prove a failure-to-exhaust defense. *See Washington*, 788 F. App'x at 389.

### 3.2 Whether Failure to Exhaust is Excusable

The SSA further contends that, although "the exhaustion requirement may, in certain rare circumstances, be excused . . . this case presents no such circumstances." ECF No. 9 at 5 (citations omitted). Indeed, exhaustion of administrative remedies may be "excused by the courts" in some instances, including but not limited to when the plaintiff raises constitutional claims. *Smith*, 587 U.S. at 478 (citing *Bowen v. City of New York*, 476 U.S. 467, 484 (1986) and *Mathews*, 424 U.S. at 330); *id.* at n.7 (collecting cases discussing when exhaustion may be excused)).

To warrant excusing the administrative exhaustion requirement, the claim that the plaintiff wishes to advance directly to the district court must be "collateral to any claim for benefits." *Bowen*, 476 U.S. at 476. Claims that might be considered collateral to a claim for individual benefits include, for example, "[c]laims of system-wide violations by the [agency administrator]" where the court's "holding regarding the validity of that

policy [will] stand[] independent of the ultimate merits of each plaintiff's claim for benefits." *Marcus v. Sullivan*, 926 F.2d 604, 614 (citing *Johnson v. Sullivan*, 922 F.2d 346, 353 (7th Cir. 1990) and *Bailey v. Sullivan*, 885 F.2d 52, 65 (3d Cir. 1989)); *see also Wright v. Califano*, 587 F.2d 345, 349 (7th Cir. 1978) ("[T]he district court clearly had jurisdiction over the plaintiffs' constitutional claims under Section 205(g), since the complaint raised colorable claims that the delays in receiving a hearing or review violated the plaintiffs' due process rights and that the deprivation would only be aggravated by further delay . . . . Statutory claims such as these are both colorable and collateral . . . ."); *Ash v. Colvin*, No. 15-CV-149-PP, 2016 WL 1241006, at *15, *22 (E.D. Wis. Mar. 28, 2016) (finding class claim "that it is a violation of the Fifth Amendment to enforce a policy which denies claimants the ability to test the reliability of a [vocational expert's] testimony" to be collateral to individual claims for benefits, and excusing failure to exhaust this argument as to some plaintiffs).

Further, for the Court to excuse exhaustion, the plaintiff must additionally demonstrate that "the harm imposed by exhaustion would be irreparable." *Bowen*, 476 U.S. at 476.[2] "The Seventh Circuit has also required a third criterion—that exhaustion would be futile—for waiver of the administrative exhaustion requirement." *Robertson v. O'Malley*, No. 23-CV-1459-SCD, 2024 WL 3566285, at *2 (E.D. Wis. July 29, 2024) (citing *Martin v.*

---

[2]The standard to excuse administrative exhaustion has also been summarized as follows: "where the plaintiff assert[s] a procedural challenge to the Secretary's denial of a pretermination hearing," exhaustion may be excused on "a claim that [i]s wholly 'collateral' to his claim for benefits, and where he ma[kes] a colorable showing that his injury [can]not be remedied by the retroactive payment of benefits after exhaustion of his administrative remedies." *Heckler v. Ringer*, 466 U.S. 602, 618 (1984) (citing *Mathews*, 424 U.S. at 330–32).

*Shalala*, 63 F.3d 497, 504 (7th Cir. 1995)). Ultimately, "[i]f the purposes of exhaustion, which include allowing the agency to correct its own errors, fostering the compilation of an adequate record, and affording the parties the benefit of the agency's expertise, are not served by requiring [a plaintiff] to exhaust, waiver is favored." *Marcus*, 926 F.2d at 614 (citing *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)).

As discussed above, Plaintiff's main argument that his failure to exhaust administrative remedies is excusable is that this case involves "significant legal issues," including constitutional claims. ECF No. 10 at 1. This is not enough to overcome the requirement to exhaust. Plaintiff claims that there are several bases (besides § 405(g)'s "substantial evidence" standard) on which the SSA's denial of benefits was incorrect. He argues that the SSA in its July 2024 denial decision implied that Plaintiff "intentionally provided incorrect information and concealed material facts" related to his benefits claim, and that he "was not given specific evidence of these alleged inaccuracies nor an opportunity to challenge them effectively," in violation of Plaintiff's Fifth Amendment right to due process. ECF No. 1 at 2. He argues that the SSA based its denial on "Plaintiff's activities such as advocacy, legal proceedings, and educational pursuits," in violation of the Fourteenth Amendment's Equal Protection clause. *Id.* He argues that the SSA "fail[ed] to conduct an individualized assessment of [his] ability to work and engage in educational and business activities despite documented disabilities" in violation of the ADA and Rehabilitation Act. *Id.* at 3. He argues that the SSA violated his Fifth Amendment right to "privacy and dignity" by making "intrusive

comments" related to his benefits claim. *Id.*[3] Finally, he argues that the SSA "violate[d] [its own] regulations related to the assessment of disability claims, including the proper consideration of medical evidence and functional limitations." *Id.* But none of these claims can be considered collateral to his claim for benefits such that it warrants excusing his failure to exhaust.

These claims all boil down to the same theory: that the SSA's denial of Plaintiff's application for benefits considered incorrect facts, considered facts improperly, or considered improper factors or legal standards. They are, fundamentally, "a challenge on the merits" of Plaintiff's substantive benefits claim; they are not "separate from the merits of [his] claim for benefits." *Johnson*, 922 F.2d at 353; *see also Stengel v. Callahan*, 983 F. Supp. 1154, 1159 (N.D. Ill. 1997) ("A plaintiff's claim is "collateral" if it is not essentially a claim for benefits . . . ." (citing *Johnson*, 922 F.2d at 353)). The fact that Plaintiff states that the denial of benefits was "a result of the SSA's policies or customs," ECF No. 1 at 1, does not change this analysis. It is true that waiver has been excused where plaintiffs allege that SSA policies violated their constitutional rights. *Marcus*, 926 F.2d at 614; *Ash*, 2016 WL 1241006, at *15. But, here, Plaintiff only asserts in a conclusory manner that SSA policy led to the denial of benefits; he does not allege any facts that would support a finding of a widespread policy or practice (and in any

---

[3]Plaintiff does not state what these "intrusive comments" were, and no administrative record is available to the Court to show what they might have been. However, the Court notes parenthetically that a disability claim necessarily requires the SSA to inquire about a person's medical, social, and employment history. A claimant should expect to answer detailed questions of a personal nature. *See Sims*, 530 U.S. at 111 (noting the "inquisitorial" nature of SSA proceedings).

event a *Monell*-type claim is not suited to the § 405(g) review context, *see infra* Section 3.3). The conclusion that Plaintiff's claims are not collateral to his core claim for benefits is reinforced by Plaintiff's requests for "[r]eassessment" of his disability claim and reinstatement of the disability benefits that he believes he was wrongly denied, rather than any standalone procedural relief or policy change.[4] ECF No. 1 at 7. Simply stated, Plaintiff's case is a garden-variety challenge to a denial of benefits; he has demonstrated nothing that would warrant excusing the administrative exhaustion requirement.

Plaintiff has also failed to demonstrate that requiring him to exhaust administrative remedies would both cause him irreparable harm and would be futile. The SSA's brief explicitly references these factors, but Plaintiff's submissions do nothing to address them. The Court agrees with the SSA that having "an additional agency actor assess his claim might well result in the benefits Plaintiff seeks," demonstrating that exhaustion is far from futile. ECF No. 9 at 6 (citing *Bowen*, 476 U.S. at 484). For example, Plaintiff complains that he was not given a chance to challenge the SSA's finding that he "provided incorrect information and concealed material facts" related to his disability claim, ECF No. 1 at 2—but the administrative review process *is* his chance to make that argument.

If Plaintiff wishes to raise his constitutional arguments before the SSA tribunal, he may do so; if not, and if he is denied benefits, he may still

---

[4]Plaintiff seeks a writ of mandamus and a writ of certiorari to "compel the [SSA] to fulfill its legal obligations and conduct a proper review of [his] disability claim" and "to ensure compliance with statutory regulations." ECF No. 10 at 1. But he has not noted any specific failure to comply with applicable statutes and regulations beyond the SSA's alleged failure to properly consider evidence of his disability.

make those constitutional arguments on later judicial review if his case reaches that stage. *See Mathews*, 424 U.S. at 329 n.10 ("If Eldridge had exhausted the full set of available administrative review procedures, failure to have raised his constitutional claim would not bar him from asserting it later in a district court." (citing *Flemming v. Nestor*, 363 U.S. 603, 607 (1960))). But at this time, the Court must conclude that Plaintiff has failed to exhaust his administrative remedies on the denial of his application for disability benefits, and that failure is not excusable; his complaint therefore fails to state a claim and must be dismissed. The dismissal will operate without prejudice because Plaintiff may resume his benefits application at the agency level and, if it is still denied after administrative review, may then seek judicial review of the denial.

### 3.3   *Monell* and ADA Claims

The SSA also argues that, to the extent Plaintiff is seeking relief based on *Monell* and/or the ADA, his complaint fails to state a claim because neither *Monell* nor the ADA applies to federal agencies. ECF No. 9 at 8. The Court agrees. *Monell* is a theory of municipal liability; the SSA is a federal, not a municipal, entity, so a *Monell* claim against it is not available. *See Huff v. Gov't Nat'l Mortg. Ass'n*, No. 94 C 00180, 1995 WL 31563, at *4–6 (N.D. Ill. Jan. 26, 1995) (discussing why a federal agency is not amenable to suit under 42 U.S.C. § 1983 or, by extension, *Monell*). Similarly, "the ADA does not apply to federal agencies." *Dyrek v. Garvey*, 334 F.3d 590, 597 n.3 (7th Cir. 2003) (citing 42 U.S.C. § 12111(5)(B)). In addition to the reasons described above, Plaintiff's complaint also fails to state a claim for this reason. As a matter of law, Plaintiff may not proceed on *Monell* or ADA claims, irrespective of his failure to exhaust, so these claims will be dismissed with prejudice.

### 3.4    Requested Remedies and Motion to Exclude

Finally, the SSA argues that Plaintiff fails to state a claim because he seeks remedies that are not available to him in an action challenging the denial of disability benefits. ECF No. 9 at 8–9. The Court agrees on all fronts.

Plaintiff's request for reinstatement of his benefits and further consideration of his disability claim cannot be granted at this juncture because he must proceed through the SSA's administrative review process to determine whether his claim is valid and an award of benefits is appropriate. Plaintiff's request for attorney's fees and costs is inappropriate because he does not have an attorney, and he proceeds in forma pauperis; he therefore has expended no or minimal costs in this action. Moreover, no final decision has been rendered on Plaintiff's benefits application, so no party has been determined to be the prevailing party. *See* 42 U.S.C. § 406(b)(1)(A). His request for cancellation of a debt that the SSA allegedly imposed on him is without clear factual or legal basis and therefore cannot be granted.

Plaintiff's request for $10 million in damages is inappropriate because—even if he were the prevailing party in this matter—any separate claim for damages would proceed under the Federal Tort Claims Act, which also contains an administrative exhaustion requirement. 28 U.S.C. § 2675(a). And his request for a jury trial cannot be granted because, even if the Court had excused him from exhausting administrative remedies on the denial of benefits, jury trials are not available under § 405(g). *See Sanders v. Kijakazi*, No. 22-2163, 2023 WL 2985189, at *2 (7th Cir. Apr. 18, 2023) (affirming district court's decision to decline claimant's request for a jury trial because the claimant's "case sought review of agency decision-making, [so] he did not have a right to a jury trial"). If Plaintiff resumes his benefits

application at the agency level, it is denied through all rounds of administrative review, and he seeks judicial review, he should keep these principles in mind.

Plaintiff has also filed a "motion to exclude unauthorized disclosure of health information and [to] strike related evidence." ECF No. 11. In the motion, Plaintiff says that he is "concern[ed] about the confidentiality of [his] health information" due to the SSA's lawyer telling Plaintiff that he "did not see an appeal in [Plaintiff's] records." *Id.* at 1. Plaintiff seems to seek the Court to intervene prospectively in any unauthorized sharing of Plaintiff's health information. But nothing in the record nor in the SSA's motion to dismiss references any part of Plaintiff's health history. The only submission in which Plaintiff makes any reference to his health information is in his complaint, which the Clerk of Court docketed under restriction. There is no indication that the SSA has publicized any information about Plaintiff's health history. To the extent that Plaintiff is concerned about his confidentiality in the administrative review process (keeping in mind that he should expect some level of questioning, *see supra* note 3, he should address those concerns directly with the SSA, not the Court. There is presently no basis for the Court to grant this motion, so it will be denied.

**4.      CONCLUSION**

For the above-stated reasons, the Court will grant the SSA's motion to dismiss. Plaintiff's claims under *Monell* and the ADA will be dismissed with prejudice, and his complaint and this case will otherwise be dismissed without prejudice for the failure to exhaust administrative remedies. His motion to exclude unauthorized disclosure of health information and to strike related evidence will be denied.

Accordingly,

**IT IS ORDERED** that Defendant the Social Security Administration's motion to dismiss Plaintiff Robert E. Carradine's complaint, ECF No. 8, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff Robert E. Carradine's motion to exclude, ECF No. 11, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff Robert E. Carradine's claims against Defendant the Social Security Administration under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978) and the Americans with Disabilities Act be and the same are hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that all other claims in Plaintiff Robert E. Carradine's complaint against Defendant the Social Security Administration be and the same are hereby **DISMISSED without prejudice** for the failure to exhaust administrative remedies; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of December, 2024.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.