UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT E. CARRADINE,

                    Plaintiff,

v.

Case No. 24-CV-1007-JPS

SOCIAL SECURITY
    ADMINISTRATION,

**ORDER**

                    Defendant.

      Plaintiff Robert E. Carradine ("Plaintiff") challenged the Social Security Administration's ("SSA") denial of his claim of disability benefits under the Social Security Act's judicial review provision, 42 U.S.C. § 405(g), and additionally on a federal constitutional and statutory basis. ECF No. 1. In December 2024, the Court granted Defendant's motion to dismiss and entered judgment accordingly. ECF Nos. 12, 13. In January 2025, Plaintiff moved for reconsideration of the dismissal judgment and for the Court to "reopen the administrative process." ECF No. 14 at 1.

      Federal Rule of Civil Procedure 59(e) empowers a court to alter or amend a judgment on motion by a party. The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511–12 (7th Cir. 2007)). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996) (citing *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)), but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream*

*Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998)). Similarly, a party may file a motion for relief from a judgment or order under certain circumstances that include "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed R. Civ. P. 60(b)(1), (6).

"Appeal, not reconsideration, is the time to deal with the majority of legal errors," and only "[m]anifest errors . . . so obvious that no additional explanation is needed or possible" are proper subjects of a reconsideration motion. *Burney v. Thorn Ams., Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead by "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Here, the Court will deny Plaintiff's motion because it does not meet the high burden necessary to succeed. The Court dismissed the case because Plaintiff had not exhausted his administrative remedies with the SSA. ECF No. 12 at 13. Plaintiff ostensibly disagrees with the Court's ruling but does not show that the Court committed a manifest error of law in finding that he failed to exhaust his administrative remedies. In support of his motion, Plaintiff argues that his "severe limitations due to [his] inability to read and write" rendered him "unable to effectively engage with the appeal process." ECF No. 14 at 1. However, this argument does not establish that the Court committed a manifest error showing the wholesale disregard, misapplication, or failure to recognize the controlling precedent when it dismissed the case because Plaintiff failed to exhaust administrative remedies. Additionally, the argument is not appropriate for a motion for

reconsideration since it does not constitute newly discovered evidence—rather, Plaintiff is referring to evidence of his literacy during "the appeal process" (either before the SSA or at the time he filed the case in this Court), which is evidence that was available and could have been brought to the SSA's and the Court's attention earlier.

As for Plaintiff's request to reopen the administrative process, whether doing so is appropriate is a determination for the SSA, not the Court, to make. Thus, the dismissal of Plaintiff's case will continue to operate without prejudice because Plaintiff may attempt to resume his benefits application with the SSA and, if it is still denied after their administrative review, he may then seek judicial review of the denial. For all these reasons, the Court is obliged to deny Plaintiff's motion to reconsider the dismissal judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff Robert Carradine's motion for reconsideration, ECF No. 14, be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 18th day of March, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge